UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YARLEN HENRY, WADE GARBIE,
DAWN WORTHAM, and
KRISTAL SCOTT,

        Plaintiffs,

v.

CITY OF DETROIT and
DETROIT POLICE OFFICERS
ASSOCIATION,

        Defendants.
_____/

No. 21-12794

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT
CITY OF DETROIT'S MOTIONS TO SEVER [10][11]**

In a two-count complaint alleging violations of the Americans with Disabilities Act ("ADA"), Plaintiffs Yarlen Henry, Wade Garbie, and Dawn Wortham bring one claim against the City of Detroit only (Count I) and Plaintiff Kristal Scott brings one claim against the Detroit Police Officers Association ("DPOA") only (Count II). The matter is now before the Court on the City of Detroit's motion to sever Plaintiff Wortham (ECF No. 10) and its motion to sever Count II (ECF No. 11). Since the filing of these motions, however, the Court has entered an opinion and order granting the DPOA's motion to dismiss. (ECF No. 25.) The dismissal of Plaintiff Scott's claim against the DPOA renders the City's motion to sever Count II moot. This leaves the City's motion to sever Plaintiff Wortham to be addressed by the Court. (*See* ECF No. 10.) Plaintiffs oppose the motion. (ECF No. 16.) The City did not file a reply. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), this motion will be decided on the briefs and without oral argument. For the

1

reasons below, the Court denies the City's motion to sever Plaintiff Wortham from this action.

I.   **Background**[1]

According to the complaint, around the time of Detroit's bankruptcy in 2014, Detroit Mayor Michael Duggan set out to find ways to cut costs for the City and as a part of this endeavor, he asked Detroit Police Department ("DPD") Chief Craig to do the same within his department.  Plaintiffs aver that "Chief Craig issued a mandate that the DPD should hire as many full duty officers as possible" and "[i]mplicit in this 'mandate' was that the DPD would forcibly retire as many disabled officers as possible . . . ." (ECF No. 1, PageID.5.)  Plaintiff Henry, who had been placed on a restrictive duty assignment in February 2013 due to an injury that impaired her right shoulder and collar bone, was allegedly forcibly retired in September 2017 as a result of this policy.  Plaintiff Garbie, who had been placed on a restricted duty assignment in 2011 due to a left knee injury, was similarly forcibly retired in March 2017.  Plaintiff Wortham, who had been placed on restricted duty in 2009 following an accident that seriously injured her back, was required to return to full duty status in September 2018.  Plaintiff Wortham alleges the City's failure to accommodate her disability resulted in further injuries, exacerbated her previous injuries, and led to her being placed on unpaid leave for a time period in 2019.

II.   **The City of Detroit's Motion to Sever Plaintiff Wortham**

The City moves to sever Plaintiff Wortham from this case, arguing she is not similarly situated to the other plaintiffs because she is the only one who was not forcibly

---

[1] Because the Court has dismissed Count II of the complaint, only the facts relevant to Count I will be discussed.

retired. Plaintiffs oppose severance, arguing their claims all stem from the allegation that the City "discriminated against Plaintiffs by enforcing its facially discriminatory policies regarding disabled employees and taking adverse employment actions against Plaintiffs lacking either a sufficient reason or engaging in any interactive process." (*See* ECF No. 1, PageID.15.)

### A. Legal Standard

Under Federal Rule of Civil Procedure 20(a)(1), joinder of plaintiffs is proper if "(A) [the plaintiffs] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." But "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *Id.* When deciding a Rule 21 motion to sever, courts consider:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (internal quotation marks and citation omitted). The Court has "broad discretion in determining whether or not actions should be severed." *See id.*

### B. Analysis

The Court finds that Plaintiff Wortham's claim need not be severed here. While Plaintiff Wortham was not forcibly retired like the other plaintiffs, she too has alleged that the City decided to no longer accommodate her disability during the same time period due to its allegedly discriminatory policies. Thus, Plaintiff Wortham's claim can be construed as arising from the same transaction or occurrence as the other plaintiffs' claims and having at least some common questions of fact or law. *See Crutcher v. Kentucky*, No. 91-5893, 1992 U.S. App. LEXIS 11374, at *10 (6th Cir. May 11, 1992) (reasoning that joinder of the plaintiffs' discrimination claims was permissible even though they suffered different effects from the discriminatory actions because there were "common threads to their claims"). The City states in cursory fashion that the defenses and witnesses are not the same and that severance would avoid potential jury confusion. But there is nothing in the record that suggests severance is necessary to avoid prejudice to the City. Moreover, the Court finds that judicial economy would be facilitated if Plaintiff Wortham's claim against the City remains a part of this case. Thus, the Court denies the City's motion to sever Plaintiff Wortham.

### III. Conclusion

For the foregoing reasons, the City of Detroit's motions to sever (ECF Nos. 10, 11) are DENIED.

SO ORDERED.

                                             s/Nancy G. Edmunds
                                             Nancy G. Edmunds
                                             United States District Judge

Dated: April 21, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 21, 2022, by electronic and/or ordinary mail.

                                      <u>s/Lisa Bartlett</u>
                                      Case Manager